# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-221** (Wyoming County CC-55-2015-F-56)

**Oscar Ross Combs Sr.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Oscar Ross Combs Sr. appeals the Circuit Court of Wyoming County's March 14, 2023, order denying his motion to return personal property.[1] Here, the petitioner argues that he is entitled to the return of personal property which he claims was wrongly seized pursuant to an unlawful search. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

Around May 2013, the petitioner became a suspect in the disappearance of Teresa Ford in Wyoming County. Later that year, the petitioner also became a suspect in the murder and robbery of James Butler in Mercer County. Based upon information provided by the petitioner's son, law enforcement officers obtained a search warrant and executed a search of the petitioner's home. During the search, officers observed a blood-stained mattress and, later that same day, the petitioner admitted that he and his son had robbed and murdered Mr. Butler. However, forensic testing later revealed that the blood on the mattress belonged to Ms. Ford.

In April 2014, officers obtained a second search warrant in order to effectuate a broader search of the petitioner's home and property. As a result of this search, Ms. Ford's remains were located in a shallow grave. In February 2015, the petitioner was convicted of first-degree murder, first-degree robbery, and conspiracy for his role in the death of Mr. Butler, and he was sentenced to life without mercy plus eighty years. *See State v. Combs*, No. 15-0405, 2016 WL 3304115 (W. Va. June 8, 2016) (memorandum decision) (affirming petitioner's convictions relating to the robbery and murder of Mr. Butler in Mercer County). In September of 2017, the petitioner was also convicted of the first-degree murder of Ms. Ford in Wyoming County. However, this Court reversed the Circuit Court of Wyoming County on appeal and remanded for a new trial, finding that the court improperly admitted evidence of Mr. Butler's murder pursuant to Rule 404(b) of the West Virginia Rules of Evidence and provided an improper limiting instruction regarding the

---

[1] The petitioner is self-represented. The respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

1

reason the evidence was being admitted. *See State v. Combs*, 247 W. Va. 1, 11-14, 875 S.E.2d 139, 149-52 (2022).

Upon remand, the State elected not to prosecute the petitioner for Ms. Ford's murder, and the circuit court dismissed the charges against him. Subsequently, the petitioner filed a motion to return personal property, asking the court to order "the return of all property that was seized by the Wyoming Officials and West Virginia Law Enforcement." By order dated May 22, 2023, the circuit court denied the petitioner's motion. The petitioner now appeals.

On appeal, the petitioner argues that the circuit court erred in denying his motion to return his personal property which was seized by law enforcement officers during the searches of his home and surrounding property. The petitioner claims that the search of his Wyoming County home was based upon a warrant from the Mercer County case involving Mr. Butler. The petitioner contends that there was nothing to link the two cases and that, as such, there was no probable cause to seize anything "in the execution of the Wyoming County search warrant." The petitioner points out that his Wyoming County conviction involving Ms. Ford was ultimately overturned and dismissed and avers that, as such, his property seized by the Wyoming County law enforcement officers should be returned.

Upon our review, we conclude that the petitioner fails to establish that the property was seized pursuant to an unlawful search and seizure. Pursuant Rule 41(e) of the West Virginia Rules of Criminal Procedure, "[a] person aggrieved by an unlawful search and seizure may move the circuit court for the county in which the property was seized for the return of the property on the ground that he or she is entitled to lawful possession of the property." *See also* West Virginia Code § 62-1A-6 ("A person aggrieved by an unlawful search and seizure may move for the return of the property and to suppress for use as evidence anything so seized on the ground that (1) the property was illegally seized without a warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed.").

The petitioner fails to demonstrate that the search and seizure of his property was unlawful. While the petitioner claims that his Wyoming County charge was dismissed, this fact alone does not establish that the search and seizure was unlawful. This Court did not reverse the petitioner's conviction for Ms. Ford's murder on the basis of an improper search and seizure. Moreover, although the petitioner cites to this Court's discussion in *Combs* to support his assertion that the crimes were too dissimilar to support a finding of probable cause for the warrants, this Court simply noted that there were two few similarities between the murders to establish a modus operandi, which has no bearing on whether there was sufficient probable cause to support each search warrant. Indeed, the record demonstrates that the petitioner's son provided law enforcement officers with sufficient information pertaining to Mr. Butler's murder for officers to obtain a search warrant. Then, during the execution of that search warrant and subsequent forensic testing, the discovery of Ms. Ford's blood provided sufficient probable cause for issuance of a second search warrant.

Accordingly, because the petitioner has failed to show that the property was unlawfully seized, we find no error in the circuit court's denial of the petitioner's motion.

For the reasons stated above, this Court affirms the March 14, 2023, final order of the Circuit Court of Wyoming County.

Affirmed.

**ISSUED:** October 22, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn